UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SESSIONS ANTRAUN BYRD,

        Petitioner,

v.

                                                  Case No. 3:25-cv-1079-MMH-LLL

STATE OF FLORIDA,

        Respondent.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner Sessions Antraun Byrd, a detainee at John E. Goode Pretrial Detention Facility, initiated this action on August 25, 2025, by filing a document titled, "Habeas Corpus" in the United States District Court for the Middle District of Florida, Ocala Division (Habeas; Doc. 1). On September 12, 2025, the Honorable Steven D. Merryday, United States District Judge, transferred the case to the Jacksonville Division (Doc. 2). On July 9, 2025, the State of Florida filed an Amended Information charging Byrd with three counts of Lewd or Lascivious Battery and one count of Lewd or Lascivious Molestation. See State v. Byrd, No. 16-2025-CF-004939-AXXX-MA (Fla. 4th Cir. Ct.). Byrd proceeded to trial, and a jury found him guilty as charged on all counts on August 7, 2025. Id. The trial court has not yet imposed a judgment and sentence. See id.

While Byrd's assertions are not entirely clear, it appears Byrd is challenging his Duval conviction on the following grounds: (1) the State infringed on his speedy trial rights due to their late filing of the charging information, (2) that the trial judge improperly tried to get Byrd to waive his speedy trial rights; (3) the trial judge erred in denying Byrd's habeas corpus filings; (4) evidence was improperly admitted at trial; and (5) the evidence was insufficient to warrant a conviction. See generally Habeas. As relief, Byrd requests the Court to reverse his conviction, dismiss the case against him, and order his immediate release. Id. at 20.

Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43–44 (1971); Johnson v. Florida, 32 F.4th 1092, 1099 (11th Cir. 2022) ("Younger established that . . . a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." (emphasis added)); Butler v. Ala. Jud. Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference.") (citation omitted). "Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important

2

state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." Johnson, 32 F.4th at 1099. "There are three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Id.

Here, Byrd is still awaiting sentencing in his ongoing criminal prosecution; thus, the Court must dismiss all grounds for relief unless he can demonstrate one of the "three narrow exceptions" to the Younger doctrine. Byrd alleges none of the three exceptions to the Younger doctrine, and the Court's review of the filing and his state court docket confirm that no exception exists. Florida courts have adequate and effective state procedures, which are available to Byrd. Indeed, once Byrd is sentenced, he may file a direct appeal of his conviction and sentence pursuant to Florida Rule of Appellate Procedure 9.140. As such, interference in Byrd's state criminal proceedings is not warranted.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3

3. The **Clerk** shall send Byrd a blank petition for writ of habeas corpus under 28 U.S.C. § 2254 and a blank application to proceed in forma pauperis (prisoner filings). If Byrd chooses to refile his claims once his conviction and sentence are final, he may do so on the appropriate form. He should not put this case number on the form because the Clerk will assign a new case number upon receipt. In initiating such a case, Byrd should either file a fully completed application to proceed in forma pauperis or pay the proper filing fee.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of September, 2025.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12

C:   Sessions Antraun Byrd, #2025011048